IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SYLVIA BROWN-HOOD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. |
| | ) |
| LOYOLA UNIVERSITY OF CHICAGO, | ) Jury Demanded |
| an Illinois Not-for-Profit Corporation, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, Sylvia Brown-Hood by her attorneys, Favaro & Gorman, Ltd, and for her Complaint against the defendant, Loyola University of Chicago, states and alleges as follows:

### PARTIES

1. Plaintiff, Sylvia Brown-Hood (hereinafter "Brown-Hood"), is an individual residing in Calumet City, Cook County, Illinois.

2. Defendant, Loyola University of Chicago (hereinafter "Loyola") is an Illinois not-for-profit corporation with a principal place of business in Chicago, Cook County, Illinois.

3. At all relevant times hereto, Brown-Hood was employed by Loyola as an Office Assistant / Program Coordinator for Graduate School Outreach Services.

4. At all relevant times hereto, Loyola was an "employer" within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000(e) *et seq.*.

### JURISDICTION AND VENUE

5. The jurisdiction of this Court is invoked under the provisions of 42 U.C.S. §2000(e) *et seq.*, 28 U.S.C. §1981 and supplemental jurisdiction pursuant to 28 U.S.C. §1367.

1

6. Venue is proper in the Northern District of Illinois, Eastern Division pursuant to 28 U.S.C. §1391(c).

7. Brown-Hood resides and worked and Loyola did business in this District, and the acts and transactions alleged herein occurred within this District.

## PROCEDURAL POSTURE

8. On August 4, 2017, Brown-Hood filed a charge of discrimination with the Equal Employment Opportunity Commission. *See* charge of discrimination attached hereto and herewith as Exhibit "A" and made a part hereof.

9. On or about October 30, 2017, Brown-Hood received a Notice of Right to Sue. *See* Notice of Right to Sue is attached hereto as Exhibit "B' and made a part hereof.

10. Brown-Hood has filed said action within ninety (90) days of her receipt of the Notice of Right to Sue.

## GENERAL ALLEGATIONS

11. Brown-Hood is an African-American female. In or around May. 2012,, Brown-Hood began her employment as a Program Coordinator for Graduate School Outreach Services.

12. At all times relevant hereto, Brown-Hood performed her job duties in a manner which met the reasonable expectations of Loyola.

13. In and around May 2015, Dean Samuel Attoh went on medical leave from his position as Dean of the Graduate School.

14. In and around July 2015, Dr. Patricia Mooney-Melvin ("Mooney-Melvin") became the Interim Dean for Loyola and Brown-Hood's superior.

15. In a staff meeting in and around February 24, 2016, Mooney-Melvin began making comments and remark in front of Brown-Hood regarding her African-American heritage,

2

Asians, Latinos and Caucasian she did not like. These comments and remarks included, but were not limited to, the following:

    a.      Referred to African-American as "things";

    b.      Referred to Asians as "creatures";

    c.      Referred to Latinos as "creatures"; and

    d.      Referred to Caucasians she did not like as "other humans".

16. After the staff meeting, Brown-Hood asked to speak to Mooney-Melvin.

17. Brown-Hood asked Mooney-Melvin when did she become a "thing".

18. Mooney-Melvin stated "Sylvia, I was not talking about you I was talking about those other people.

19. Brown-Hood complained to Mooney-Melvin that she was offended by what she had said in the staff meeting.

20. Mooney-Melvin stated "Come on Sylvia, I am comfortable speaking freely around you; are you saying I need to use a filter?" Brown-Hood stated yes and please do not repeat any of that in my hearing or in my presence.

21. On or about March 11, 2016, Brown-Hood told Gary Soltys ("Soltys") of Human Resources of Mooney-Melvin's comments in the staff meeting and comments made in the meeting thereafter with Brown-Hood.

22. On or about April 13, 2016, Brown-Hood contacted Soltys for an update and was told that he had not yet spoken to Mooney-Melvin, that he wanted to meet with Brown-Hood personally and suggested that before he would get involved Brown-Hood should try to work it out with Mooney-Melvin.

23. On or about May 18, 2016, Brown-Hood contacted Mooney-Melvin by email and requested that they talk about what had happened at the February staff meeting and that she required guidance and assistance with recent new assignments and responsibilities that Brown-Hood had been given in December of 2015.

24. Mooney-Melvin refused to discuss anything with Brown-Hood except for the current event, Orientation, even though Brown-Hood also required help with Graduation. At the end of the conversation, Mooney-Melvin stated that her "lack of a filter" would not allow her to talk to Brown-Hood.

25. On or about May 24, 2016, Brown-Hood contacted Soltys and advised him that Mooney-Melvin would not speak to her except for the current events.

26. On or about August 21, 2016, at a large orientation event, Mooney-Melvin made detailed staff introductions, except for Brown-Hood, who was referred to as a receptionist.

27. On or about August 24, 2016, Brown-Hood met with Soltys and informed him that that situation was not improving and asked how she should move forward. Soltys said he would speak to Mooney-Melvin again.

28. On or about December 14, 2016, Mooney-Melvin rescheduled Brown-Hood's employee evaluation to January 18, 2017 as Mooney-Melvin had invited Soltys to attend and he was not available.

29. On or about December 26, 2016, Brown-Hood received an email at her home from Mooney-Melvin stating her raise was to be 1%. In all prior 25 years of employment Brown-Hood's raise notifications had come from Human Resources and increases had been between 2.5% and 5%.

30. On or about January 18, 2017, Mooney-Melvin, Dean Jessica Horowitz ("Horowitz") and Brown-Hood met for Brown-Hood's evaluation.

31. During this evaluation meeting Brown-Hood was demoted.

32. On or about January 18, 2017, Mooney-Melvin advised Brown-Hood that she was to do nothing more that answer the phone, sort the mail and order supplies.

33. On or about January 19, 2017, Brown-Hood contacted Solyts via email and advised him of the demotion and situation.

34. Solyts advised Brown-Hood that Mooney-Melvin was resigning from the position of Interim Dean and that she was returning to the History Department in July, 2017.

35. Solyts told Brown-Hood to sit tight because Mooney-Melvin would be gone in a few months.

36. On or about August 4, 2017, Brown-Hood filed a Complaint with the Equal Employment Opportunity Commission, a copy is attached hereto as Exhibit "A".

37. On or about October 30, 2017, the Equal Employment Opportunity Commsision, issued a Right to Sue, a copy attached as Exhibit "B".

## COUNT I

### (TITLE VII – RACE DISCRIMINATION)

Brown-Hood restates and realleges as though fully set forth herein paragraphs 1 through 37 above.

38. Upon information and belief, other similarly-situated non-African-American employees were not subjected to the same terms and conditions of employment as Brown-Hood.

39. The aforementioned actions violate Title VII, as amended.

40. As a result of Loyola Univsersity's conduct, Brown-Hood has suffered, and will continue to suffer damages, including, but not limited to, lost wages, emotional distress, humiliation, anguish and stress.

Wherefore, plaintiff, Sylvia Brown-Hood, respectfully invokes the remedial powers of of this Court under Title VII, as amended, and prays for the following:

   a. Declare the actions complained of herein to be in violation of Title VII, as amended;

   b. Enter an Order enjoining and permanently restraining these violations of Title VII and its amendments;

   c. Loyola University's be ordered to compensate, reimburse and make Brown-Hood whole for any benefits Brown-Hood would have received had it not been for Loyola's illegal actions including, but not limited to, back pay and front pay;

   d. Order that Loyola University pay an award to compensate Brown-Hood for her pain, suffering and humiliation and distress caused by Loyola Univsersity's unlawful treatment in an amount to be determined at trial;

   e. Brown-Hood be awarded the costs of this suit and reasonable attorneys' fees, expert witness fees, if any, and for such other and further relief as this Court deems just and proper.

## COUNT II

## (TITLE VII – HOSTILE WORK ENVIRONMENT / RACE)

Brown-Hood restates and realleges as though fully set forth herein paragraphs 1 through 37 above.

41. Loyola University intentionally discriminated against Brown-Hood because of her race and created a hostile work environment for Brown-Hood sufficiently severe or pervasive enough to alter the terms and conditions of her employment.

42. The aforementioned actions violate Title VII, as amended.

43.     As a result of Loyola University's conduct, Brown-Hood has suffered, and will to continue suffer damages, including, but not limited to, lost wages, emotional distress, humiliation, anguish and stress.

Wherefore, plaintiff, Sylvia Brown-Hood, respectfully invokes the remedial powers of of this Court under Title VII, as amended, and prays for the following:

- a. Declare the actions complained of herein to be in violation of Title VII, as amended;

- b. Enter an Order enjoining and permanently restraining these violations of Title VII and its amendments;

- c. Loyola University be ordered to compensate, reimburse and make Brown-Hood whole for any benefits Brown-Hood would have received had it not been for Loyola's illegal actions including, but not limited to, back pay and front pay;

- d. Order that Loyola pay an award to compensate Brown-Hood for her pain, suffering and humiliation and distress caused by Loyola University's unlawful treatment in an amount to be determined at trial;

- e. Brown-Hood be awarded the costs of this suit and reasonable attorneys' fees, expert witness fees, if any, and for such other and further relief as this Court deems just and proper.

## COUNT III

## (TITLE VII, RACE DISCRIMINATION – PUNITIVE DAMAGES)

Brown-Hood restates and realleges as though fully set forth herein paragraphs 1 through all 37 above.

44.     Loyola University and its agents and employees have willfully discriminated against Brown-Hood by subjecting her to derogatory comments, differences in the terms and conditions of her employment and by reducing her duties and failing to give appropriate pay increases.

Wherefore, plaintiff, Sylvia Brown-Hood, respectfully invokes the remedial powers of

of this Court under Title VII, as amended, and prays for the following:

a. Declare the actions complained of herein to be in violation of Title VII, as amended;

b. Enter an Order enjoining and permanently restraining these violations of Title VII and its amendments;

c. Loyola University be ordered to compensate, reimburse and make Brown-Hood whole for any benefits Brown-Hood would have received had it not been for Loyola University's illegal actions including, but not limited to, back pay and front pay;

d. Order that Loyola University pay an award to compensate Brown-Hood for her pain, suffering and humiliation and distress caused by Loyola's unlawful treatment in an amount to be determined at trial;

e. Loyola University be ordered by pay Brown-Hood punitive damages in an amount to be determined at trial;

f. Brown-Hood be awarded the costs of this suit and reasonable attorneys' fees, expert witness fees, if any, and for such other and further relief as this Court deems just and proper.

## COUNT IV

## (NATIONAL ORIGIN DISCRIMINATION)

Brown-Hood restates and realleges as though fully set forth herein paragraphs 1 through 37 above.

45. Upon information and belief, other similarly-situated employees not of African-American origin were not subjected to the same terms and conditions of employment as Brown-Hood.

46. The aforementioned actions violate Title VII, as amended.

47. As a result of Loyola University's conduct, Brown-Hood has suffered, and will continue to suffer damages, including, but not limited to, lost wages, emotional distress, humiliation, anguish and stress.

Wherefore, plaintiff, Sylvia Brown-Hood, respectfully invokes the remedial powers of

of this Court under Title VII, as amended, and prays for the following:

a. Declare the actions complained of herein to be in violation of Title VII, as amended;

b. Enter an Order enjoining and permanently restraining these violations of Title VII and its amendments;

c. Loyola University be ordered to compensate, reimburse and make Brown-Hood whole for any benefits Brown-Hood would have received had it not been for Loyola University's illegal actions including, but not limited to, back pay and front pay;

d. Order that Loyola University pay an award to compensate Brown-Hood for her pain, suffering and humiliation and distress caused by Loyola University's unlawful treatment in an amount to be determined at trial;

e. Brown-Hood be awarded the costs of this suit and reasonable attorneys' fees, expert witness fees, if any, and for such other and further relief as this Court deems just and proper.

## COUNT V

## (HOSTILE WORK ENVIRONMENT – NATIONAL ORIGIN)

Brown-Hood restates and realleges as though fully set forth herein paragraphs 1 through 37 above.

48. Loyola University's intentionally discriminated against Brown-Hood because of her national origin and created a hostile work environment for Brown-Hood sufficiently severe or pervasive enough to alter the terms and conditions of her employment.

49. The aforementioned actions violate Title VII, as amended.

50. As a result of Loyola University's conduct, Brown-Hood has suffered, and will continue to suffer damages, including, but not limited to, lost wages, emotional distress, humiliation, anguish and stress.

Wherefore, plaintiff, Sylvia Brown-Hood, respectfully invokes the remedial powers of

of this Court under Title VII, as amended, and prays for the following:

- a. Declare the actions complained of herein to be in violation of Title VII, as amended;

- b. Enter an Order enjoining and permanently restraining these violations of Title VII and its amendments;

- c. Loyola University be ordered to compensate, reimburse and make Brown-Hood whole for any benefits Brown-Hood would have received had it not been for Loyola University's illegal actions including, but not limited to, back pay and front pay;

- d. Order that Loyola University pay an award to compensate Brown-Hood for her pain, suffering and humiliation and distress caused by Loyola University's unlawful treatment in an amount to be determined at trial;

- e. Brown-Hood be awarded the costs of this suit and reasonable attorneys' fees, expert witness fees, if any, and for such other and further relief as this Court deems just and proper.

## COUNT VI

## (NATIONAL ORIGIN DISCRIMINATION – PUNITIVE DAMAGES)

Brown-Hood restates and realleges as though fully set forth herein paragraphs 1 through 50 above.

51. Loyola and its agents and employees have willfully discriminated against Brown-Hood by subjecting her to derogatory comments, differences in the terms and conditions of her employment and by reducing her duties and failing to give appropriate pay increases.

Wherefore, plaintiff, Sylvia Brown Hood, respectfully invokes the remedial powers of

of this Court under Title VII, as amended, and prays for the following:

- a. Declare the actions complained of herein to be in violation of Title VII, as amended;

- b. Enter an Order enjoining and permanently restraining these violations of Title VII and its amendments;

c. Loyola be ordered to compensate, reimburse and make Brown-Hood whole for any benefits Brown-Hood would have received had it not been for Loyola's illegal actions including, but not limited to, back pay and front pay;

d. Order that Loyola pay an award to compensate Brown-Hood for her pain, suffering and humiliation and distress caused by Loyola's unlawful treatment in an amount to be determined at trial;

e. Loyola be ordered to pay Brown-Hood punitive damages in an amount to be determined at trial;

f. Brown-Hood be awarded the costs of this suit and reasonable attorneys' fees, expert witness fees, if any, and for such other and further relief as this Court deems just and proper.

## COUNT VII

## (TITLE VII – RETALIATION)

Brown-Hood restates and realleges as though fully set forth herein paragraphs 1 through 51 above.

52. As noted above, Brown-Hood complained numerous times to Loyola about the derogatory comments made about her African-American ancestry as well as further complaining about being treated differently than her co-workers.

53. These complaints were a protected activity under Title VII, as amended.

54. Loyola responded by retaliating against Brown-Hood as outlined above.

55. Said retaliation was in violation of Title VII, as amended.

56. As a result of Loyola's conduct, Brown-Hood has suffered, and will continue to suffer damages, including, but not limited to, lost wages, emotional distress, humiliation, anguish and stress.

Wherefore, plaintiff, Sylvia Brown-Hood, respectfully invokes the remedial powers of of this Court under Title VII, as amended, and prays for the following:

a. Declare the actions complained of herein to be in violation of Title VII, as amended;

b.   Enter an Order enjoining and permanently restraining these violations of Title VII and its amendments;

c.   Loyola be ordered to compensate, reimburse and make Brown-Hood whole for any benefits Brown-Hood would have received had it not been for Loyola's illegal actions including, but not limited to, back pay and front pay;

d.   Order that Loyola pay an award to compensate Brown-Hood for her pain, suffering and humiliation and distress caused by Loyola's unlawful treatment in an amount to be determined at trial;

e.   Loyola be ordered to pay Brown-Hood punitive damages in an amount to be determined at trial;

f.   Brown-Hood be awarded the costs of this suit and reasonable attorneys' fees, expert witness fees, if any, and for such other and further relief as this Court deems just and proper

## JURY DEMAND

Plaintiff, Sylvia Brown-Hood requests a trial by jury on all counts proper submissible to a jury.

/s Dennis R. Favaro

Dennis R. Favaro dfavaro@favarogorman.com
Patrick J. Gorman pgorman@favarogorman.com
Andrew H. Haber ahaber@favarogorman.com
Favaro & Gorman, Ltd.
835 Sterling Avenue
Suite 100
Palatine, Illinois 60067
(847) 934-0060
(847) 934-6899 (fax)

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>2018CE0996<br>440-2017-04574 |
|---|---|---|

180828-022

**Illinois Department Of Human Rights** and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Sylvia V. Brown-Hood | (773) 960-1393 | 1972 |

Street Address: 494 164th Street, Calumet City, IL 60409

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| LOYOLA UNIVERSITY | 500 or More | (773) 508-3143 |

Street Address: 6439 N. Sheridan Road, Chicago, IL 60626

AUG 2017

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest — Latest: 08-04-2017
☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was hired by Respondent in or around August 1992. My current position is Office Assistant. During my employment, I have been subjected to racial harassment. I complained to Respondent to no avail. Subsequently, I have been subjected to different terms and conditions of employment, including, but not limited to, having my job duties removed, receiving a lesser raise, and receiving a poor performance evaluation.

I believe that I have been discriminated against because of my race, Black, and in retaliation for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Aug 04, 2017
Date / Charging Party Signature: *Sylvia Brown-Hood*

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

EXHIBIT "A"

EEOC Form 161 (11/16)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Sylvia V. Brown-Hood
494 164th Street
Calumet City, IL 60409

From: Chicago District Office
500 West Madison St
Suite 2000
Chicago, IL 60661

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2017-04574 | Zachary M. Florent, Investigator | (312) 869-8040 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

- NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Julianne Bowman 10/30/17
(Date Mailed)

Enclosures(s)

Julianne Bowman,
District Director

cc: Katherine Kenny
LOYOLA UNIVERSITY CHICAGO
820 N. Michigan Avenue, Suite 715
Chicago, IL 60611


EXHIBIT "B"

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>440-2017-04574 |
|---|---|---|

Illinois Department Of Human Rights and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Sylvia V. Brown-Hood | (773) 960-1393 | 1972 |

Street Address: 494 164th Street, Calumet City, IL 60409

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| LOYOLA UNIVERSITY | 500 or More | (773) 508-3143 |

Street Address: 6439 N. Sheridan Road, Chicago, IL 60626

AUG 04 2017

DISCRIMINATION BASED ON (Check appropriate box(es).)
☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest — Latest: 08-04-2017
☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was hired by Respondent in or around August 1992. My current position is Office Assistant. During my employment, I have been subjected to racial harassment. I complained to Respondent to no avail. Subsequently, I have been subjected to different terms and conditions of employment, including, but not limited to, having my job duties removed, receiving a lesser raise, and receiving a poor performance evaluation.

I believe that I have been discriminated against because of my race, Black, and in retaliation for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Aug 04, 2017 — *Sylvia Brown-Hood*
Date — Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)